UNITED STATES BANKRUPTCY
COURT DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**
Jonathan Schwalb, Esq.
Friedman Vartolo LLP
85 Broad Street, Suite 501
New York, New York 10004
Attorney for SN Servicing Corporation as servicer for U.S. Bank Trust National Association, as Trustee for the Tiki Series III Trust
P: (212) 471-5100
Bankruptcy@FriedmanVartolo.com

Order Filed on January 22, 2020
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Judge: Michael B. Kaplan
Chapter 13
Case No.: 19-20458

IN RE:

Keri L. Bauer

Debtor(s)

## ORDER RESOLVING OBJECTION TO MODIFIED PLAN

      The consent order set forth on the following pages, numbered two (2) through three (3), is hereby **ORDERED**.

**DATED: January 22, 2020**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

THIS MATTER having been brought before the Court by Joan Sirkis Warren, Esq., attorney for the Debtor, Keri L. Bauer ("Debtor"), upon the filing of a Modified Plan, SN Servicing Corporation as servicer for U.S. Bank Trust National Association, as Trustee for the Tiki Series III Trust, ("Secured Creditor"), by and through its attorneys, Friedman Vartolo, LLP, having filed an Objection to the Modified Plan, and the parties having subsequently resolved their differences; and the Court noting the consent of the parties to the form, substance and entry of the within Order; and for good cause shown;

**IT IS HEREBY ORDERED** as follows:

1. Debtor must close on the sale of the Collateral by May 1, 2020.

2. Debtor acknowledges that the monthly post-petition mortgage payment is subject to change in accordance with the terms of the note and mortgage. Furthermore, regular monthly mortgage payments shall continue to be tendered outside the plan while the sale is pending. Beginning **January 1, 2020**, Debtor must make monthly payments of **$4,720.02** to the Secured Creditor pending the sale.

3. If the Debtors fail to make the monthly payments within thirty (30) days of the date the payments are due, or fail to close on the sale of the collateral by May 1, 2020, then the Secured Creditor may obtain an Order Vacating the Automatic Stay as to the Collateral by filing, with the Bankruptcy Court, Certification specifying the Debtors' failure to comply with this Order. At the time the Certification is filed with the court, a copy of the Certification shall be sent to the Chapter 13 Trustee, the Debtors, and the Debtors' Attorney.

4. Additionally, if the sale is not approved by May 1, 2020, Secured Creditor will promptly notify the Trustee, with copy to Debtor's attorney, and within thirty (30) days of such notification, the Debtor shall file one of the following:

    a. A Modified Plan to cure the arrearage claim and any subsequent arrears to Secured Creditor; or a
    b. Modified Plan to surrender the property subject to said claim; or a
    c. Notice to Convert to Chapter 7; or a
    d. Notice to Dismiss the Case.

5. This Order shall be incorporated in and become part of any Order Confirming Plan in the herein matter.